UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMERICAS INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 18-5055 |
| BRIAN JARREAU and MAGDALENA BUDZIAKOWSKA | SECTION: "A" (3) |

## ORDER AND REASONS

The following motions are before the Court:

**Motion for Partial Summary Judgment (Rec. Doc. 54)** filed by Defendants, Brian Jarreau and Magdalena Budziakowska (herein after collectively referred to as "Defendants"). Plaintiff, Americas Insurance Company ("Americas") opposes the motion (Rec. Doc. 60) and Defendants have replied (Rec. Doc. 64). This motion, noticed for submission on January 9, 2019 is before the Court on the briefs without oral argument.

**Motion for Partial Summary Judgment (Rec. Doc. 59)** filed by Americas. Defendants oppose this motion (Rec. Doc. 62) and Americas has replied (Rec. Doc. 68). This motion, noticed for submission on January 9, 2019, is before the Court on the briefs without oral argument.

Having considered the motions, memoranda of counsel, the oppositions, the replies, the record, and the applicable law, the Court finds that Defendants' **Motion for Partial Summary Judgment (Rec. Doc. 54) is DENIED** and Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 59) is GRANTED** for the reasons set forth below.

I.  **Background**

Defendants Brian Jarreau and Magdalena Budziakowska own immovable property in New Orleans, Louisiana allegedly damaged by a fire on or about January 5, 2018. (Rec. Doc. 1, Complaint

¶ 7). On January 5, 2018, Defendants submitted a claim for the damaged property to Plaintiff, Americas Insurance Company (Americas). (*Id.* ¶ 8). On March 19, 2018, Defendants submitted correspondence to Americas invoking the appraisal provision set forth in Americas' policy. (*Id.* ¶ 15). Defendants appointed Nader Anthony Odeh (Odeh) as their independent appraiser. (*Id.*). On April 3, 2018, Americas accepted Defendants' demand for appraisal pursuant to the Americas' policy, appointed Mitash Patel as Americas' appraiser, and objected to Odeh as Defendants' appraiser. (*Id.* ¶ 18).

Americas filed suit for declaratory judgment, to declare Odeh ineligible to serve as Defendants' appraiser and to order Brian Jarreau and Magdalena Budziakowska to comply with the Americas' policy by participating in the appraisal and by appointing a competent and impartial appraiser (*Id.* ¶ 33). Defendants Brian Jarreau and Magdalena Budziakowska counterclaimed that Americas failed to appoint a competent and impartial appraiser pursuant to the Americas' policy. (Rec. Doc. 6 ¶ 14). In their counterclaim, Defendants requested an award for their costs and attorney's fees incurred. (*Id.* ¶ 26).

Both parties now move this court to grant partial summary judgment. Defendants request partial summary judgment on the issue of bad faith claims and an entitlement to additional living expenses ("ALE"). Plaintiffs request partial summary judgment on the issue of Defendants' counterclaim request for declaratory judgment to enlarge the applicable policy limits of further policy payments for ALE.

## II. Legal Standard

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such

that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986)). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

### III. Discussion

#### A. Partial Summary Judgment on Bad Faith Handling

Defendants argue that Americas refused to participate in the appraisal process for more than six months to pursue the disqualification of Odeh, (Rec. Doc. 54-4, p. 1). They allege that this deliberate halt of the appraisal process has forced the Defendants to incur ALE exceeding the amount permitted via the policy. (*Id.*). Defendants argue that Americas' bad faith conduct violates Louisiana Revised Statutes 22 §§ 1973 and 1892 entitling Defendants to the maximum statutory damages permitted pursuant to Section 22:1973 and attorneys' fees pursuant to Section 22:1892.

Pursuant to La.Rev.Stat. 22 § 1973, insurers owe a duty of good faith and fair dealing to its insured. Subsection A provides that the good faith duty is "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." *Id.* Subsection B provides an illustrative list of acts that, "if knowingly committed or performed by the insurer, constitutes a breach of the insurer's duties imposed in Subsection A." *Id.* Pertinent to the instant matter before the Court, a breach includes the following knowingly committed or performed acts: (1) "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue"; and (2) "failing to pay the amount of any claim due any person

insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." *Id.* Any damages sustained by the insured as a result of these duties renders the insurer liable. *Id.*

Pursuant to La.Rev.Stat. 22 § 1892, insurers "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." Insurers shall also "make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim." *Id.* Subsection B provides that failure for the insured to make either of these payments shall subject the insurer to a penalty when the failure to pay was arbitrary, capricious, or without probable cause. *Id.* Section 22:1892 also establishes the duty for insurers to initiate loss adjustment of a property damage claim within fourteen days after notification of loss by the claimant.

Defendants argue there exists no genuine issue of material fact that Americas breached the statutory duties imposed by Section 22:1973. Defendants contend that Americas is liable for statutory damages because Americas: (1) breached its statutorily imposed duty to adjust and settle claims fairly and promptly; (2) intentionally misrepresented pertinent facts; and (3) acted arbitrary and capricious in failing to pay undisputed amounts including an intentional undervalued estimate of the claim.

First, Defendants argue that Americas breached its statutorily imposed duty to adjust and settle claims fairly and promptly. Defendants contend that Americas' only attempt to settle this matter has been for $20,000 (Rec. Doc. 54-4, p. 10). This is a breach of good faith because the original estimate prepared by Americas totaled $24,950.41 and the estimate prepared by Americas' independent appraiser, Patel, in September 2018 was $49,772.23. (*Id.*). Defendants also assert that Americas breached its duty by refusing to investigate or resolve this matter for six months (*Id*. at 19). The six months spans from Americas receiving Defendants' appraiser's estimate, Americas filing the instant suit, and Americas losing on the issue of disqualification of Odeh. (*Id.* at 20). Defendants

lastly contend that Patel refused to communicate with Odeh, and upon information and belief, Americas instructed Patel to refuse to participate in the appraisal process. (*Id*. at 6).

Second, Defendants argue that Americas intentionally and purposefully made material misrepresentations of fact. (Rec. Doc. 54-4, p.18). Defendants contend that Americas' misstatements regarding Defendants' appraiser, Odeh, were intentional and part of a larger pattern of harassment by Americas' counsel of Odeh to the detriment of the Defendants. (*Id.* at 5). Defendants allege that Americas also misrepresented pertinent policy provisions through the non-disclosure of Defendants' rights regarding ALE funds and the ability for Defendants to obtain more suitable accommodations. (*Id.* at 19).

Third, Defendants contend that Americas intentionally undervalued the claim by fifty percent ten months ago and failed to pay undisputed amounts. (Rec. Doc. 54-4, p. 20). Defendants argue that Americas' refusal to tender payment was arbitrary and capricious and without just cause. Defendants further argue that Americas filed this lawsuit without appropriate support for its contentions and obligated itself to conduct further investigation which it did not do. (*Id.* at 21). This caused an intentional delay in the investigation resulting in bad faith. (*Id.*).

Defendants also argue there exists no genuine issue of material fact that Americas breached the statutory duties imposed by Section 22:1892. Defendants contend that Americas failed to pay their claim within thirty days of receipt of satisfactory proofs of loss. (Rec. Doc. 54-4, p. 19). Defendants argue that Americas intentionally undervalued the claim and failed to timely tender payment for undisputed portions within thirty days. (*Id.* at 20). On September 19, 2018, Americas' independent appraiser, Patel, appraised the loss at $49,772.23. This gave notice to Americas that it had underpaid the claim. (*Id.* at 18). Defendants assert that Americas' conduct in refusing to tender payment was arbitrary and capricious as it is fueled by their personal vendetta against Odeh. (*Id.* at 21).

Americas responds by asserting that Defendants cannot succeed in statutory damages

because: (1) Defendants' exhibits should not be considered by this Court; (2) Americas acted in good faith during the claims handling process; (3) Defendants' bad faith claim cannot be predicated on a good faith dispute over the amount of loss; and (4) Defendants are not entitled to a reformation of the policy. At a minimum, Americas states that there exist numerous genuine issues of fact regarding such a determination.

First, Americas argues that Defendants' exhibits reflect issues of fact that must be tried by the jury, and they constitute inadmissible hearsay because they are not properly authenticated. (Rec. Doc. 60, p. 11). Defendants' exhibits include purported estimates, correspondences, and internet print outs; none of which are authenticated with an affidavit. (*Id.* at 12). Americas asserts that it is improper for the Court to consider these documents and should thus deny Defendants' motion. (*Id.*).

Second, Americas argues that Defendants cannot prove statutory damages under Section 22:1892 and 22:1973 because Americas acted in good faith during the claims handling process. (Rec. Doc. 60, p. 9). Americas asserts that it timely initiated loss adjustment and timely tendered all undisputed amounts. (Rec. Doc. 60, p. 12). Americas provides that it paid Defendants $7,226,76 within thirty days of receipt of the notice of loss. A month later upon receipt of an estimate provided by Defendants, Americas provided another timely payment. (*Id.* at 16). Americas contends that all payments provided by Americas were timely and based on undisputed estimates totaling $84,114.17. (*Id.* at 17).

Third, Americas argues that Louisiana law is clear that bad faith claims may not be predicated on a good faith dispute over the amount of loss. (Rec. Doc. 60, p. 17). Americas' initial estimate found damages in the amount of $14,015.56 and Defendants' contractor estimated damages totaling $15,500.00. (*Id.* at 19). Upon retention of counsel, Defendants' appraiser Odeh then estimated damages at $155,795.00. (*Id.*). Americas asserts that this Court has ordered the parties to participate in the appraisal process. Any estimates prepared by appraisers following that order, such as the estimate provided in September totaling $49,772.23, are subject to the appraisal process.

Counsel and parties are not privy to the details and negotiations until the conclusion of appraisal. (*Id.*). Americas argues that Defendants failed to present the necessary evidence to establish that Americas knowingly committed unjustified actions without reasonable probable cause. (*Id.* at 20).

Lastly, Americas states that Defendants are demanding funds that exceed the limits of liability contained in the policy. (Rec. Doc. 60, p. 21). Americas argues that Defendants are requesting a reformation of the policy because Defendants have exhausted the ALE provided under Coverage D of the policy. (*Id.*). Americas cites the policy to assert that the provision is clear and unambiguous that Americas will not provide for more than the limit of liability, $63,400. (*Id.*).

Defendants respond to Americas arguing that Defendants have exhausted the ALE as a direct result of Americas' factual misrepresentations. (Rec. Doc. 64, p. 2). As factual misrepresentations are statutorily prohibited, Defendants urge that summary judgment should be granted on this issue. (*Id.*). Defendants also cite the statutes to assert that claims established pursuant to La.Rev.Stat. 22:1973(A) and 22:1973(B)(1) are not subject to the arbitrary and capricious standard. Nevertheless, Americas' counsel demonstrates a long history of harassing behavior of Odeh, and further argues that Americas' conduct is made with the purpose of "starving out" the Defendants. (*Id.* at 4). Defendants again assert that Americas has not investigated the claim in good faith for nearly the past five months. (*Id.* at. 5). Defendants conclude that the evidence is admissible hearsay pursuant Rules 803, 804, and 807 of the Federal Rules of Evidence. (*Id.* at 6-7).

First the Court must address the allegations that Defendants' exhibits constitute inadmissible hearsay. "[O]n a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). The Federal Rules of Evidence define hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing" that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Defendants' exhibits are primarily composed of e-mail correspondences between counsel and the appraisers. Pursuant to Rule 803(6)(c)

of the Federal Rules of Evidence, the Court finds that these e-mails are considered admissible because they are recordings "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling." The other bulk of Defendants' exhibits are public records consisting of court filings and decisions which are admissible hearsay under Rule 803(6).

The Court finds a genuine issue of material fact exists as to Americas' alleged bad faith conduct. When evaluating issues of state law, federal courts "look to the final decisions of that state's highest court." *Chaney v. Dreyfus Serv. Corp.,* 595 F.3d 219, 229 (5th Cir. 2010). The Louisiana Supreme Court has held that the conduct prohibited by Section 22:1892 and Section 22:1973 is "virtually identical" regarding "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary and capricious, or without probable cause. The primary difference is the time periods allowed for payment." *Korbel v. Lexington Ins. Co.*, 308 Fed.Appx. 800, 803 (5th Cir. 2013) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003)). Therefore, an insured may receive penalties under only one of the two statutes, whichever is higher. Nevertheless, a party may receive attorneys' fees under La.Rev.Stat. 22:1892 if he is awarded penalties under 22:1973. *Calogero v. Safeway Ins. Co. of La.,* 753 So.2d 170, 174 (La. 2000).

Louisiana jurisprudence defines arbitrary and capricious as "vexatious," as in a "vexatious refusal to pay" or a refusal to pay without reason or justification. An insurer does not act arbitrarily or capriciously when the refusal to pay a claim is based upon a genuine dispute over the amount of loss. *Kodrin v. State Farm Fire and Cas. Co.,* 314 Fed.Appx. 671, 679 (5th Cir. 2010) (citing *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)). These statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003). A reasonable basis to defend the claim exists in instances where the insured has a reasonable doubt and a reasonable and legitimate question as to the extent of the claim. *Id.*

The United States Court of Appeals for the Fifth Circuit recognized in *Kelly v. State Farm*

*Fire & Cas. Co.*, 2014 WL 4437666, at *3 (5th Cir.9/10/2014) that Fifth Circuit precedent established a cause of action of an insured against the insurer for a generalized breach of the duty of good faith and fair dealing. This effectively interprets Section 22:1973(B) as an illustrative list as opposed to exclusive. Nevertheless, "Penalties may not be assessed merely because the insurer is the unsuccessful litigant in a lawsuit." *Kodin v. State Farm Fire and Cas. Co*., 314 Fed. Appx. 671, 679 (5th Cir.2009) (citing *Icklone v. Travelers Indem. Co.,* 345 So.2d 202, 203 (La.Ct.App.1977)). The insureds carry the burden of proving that the insurer acted in bad faith. *Kodrin v. State Farm Fire and Cas. Co.,* 314 Fed.Appx. 671, 679 (5th Cir. 2010) (citing *Reed v. State Farm Mut. Auto. Ins. Co*., 857 So.2d 1012, 1021 (La. 2003)).

The Court finds that a genuine issue of material fact exists as to Americas' bad faith behavior whether under the arbitrary and capricious standard for timely payments or the generalized duty. On January 5, 2018, the same day of the fire, Americas evaluated the damage to the property. (Rec. Doc. 60-5, p. 1). On January 31, 2018, Americas provided Defendants with an estimate of the loss based upon Americas' inspection. (Rec. Doc. 60-7, p. 1). Americas tendered payment based upon their estimate. Shortly thereafter, Defendants submitted their own estimate to which Americas provided a supplemental payment. (Rec. Doc. 60-11, p. 1). Upon satisfactory proof of loss immediately after the fire, Americas tendered payments within thirty days.

On March 19, 2018, the Johns Firm contacted Americas to provide notification that Defendants employed the Johns Firm as counsel, and Defendants intended to invoke the appraisal provision as provided for in the policy. (Rec. Doc. 54-8, p. 1). This correspondence also identified Odeh as Defendants' independent appraiser. (*Id.*). The Court notes that after a second attempt to contact Americas, the Monson Firm corresponded with the Johns Firm on April 3, 2018, and notified them that Americas employed the Monson firm as counsel. They notified counsel that Americas rejected Odeh as appraiser because in their opinion he was not qualified. (Rec. Doc. 54-13, pp. 1-2). May 18, 2018, Americas filed the instant case and sought disqualification of Odeh and to enforce the

appraisal provision in the policy. Defendants' request for the parties to participate in the appraisal process and Americas' subsequent suit to enforce the appraisal process illustrates a disagreement of the amount of loss. A reasonable basis to defend the claim exists in instances where the insured has a reasonable doubt and reasonable and legitimate question as to the extent of the claim.

On September 14, 2018, this Court ordered the appraisal process to commence. According to the policy, each party would choose an appraiser and the appraisers "will separately set the amount of loss…if they fail to agree, they will submit their differences to the umpire." (Rec. Doc. 54-7, p. 27). When the appraisal process is invoked, the outcome of the appraisal process is what determines the loss. Patel's estimate provided at the commencement of the appraisal process, $49,772.23, does not constitute as a notice of underpayment. According to the policy, it does not represent an amount owed by Americas; it is merely a number submitted to the umpire for consideration.

Defendants contend that Americas is intentionally "starving" them out by drawing out this appraisal process and purposefully undervaluing their claim. The Court fails to find evidence exhibiting knowing misconduct by Americas or their counsel in an effort to prolong the appraisal process. Both parties could not come to an agreement on a new umpire when a scheduling conflict occurred with this Court's appointment of Honorable Stanwood Duval. The Court concludes that a reasonable jury could find that Americas' conduct does not constitute bad faith.

Defendants harp on the allegation that Americas' bad faith conduct fuels from a distaste for Odeh and that Americas "has behaved irrationally and well outside the bounds of the normal claims handling process based on an apparent vindictive fixation held by Americas or its counsel." Though this Court did not disqualify Odeh, this Court may not assess statutory penalties for a bad faith insurer because it was an unsuccessful litigant. In accordance with the policy, Americas was well within its right to question the qualification of an independent appraiser. The Court notes that the determination to allow Odeh to proceed in the appraisal process was not a determination on the merits of his competency and impartiality. In fact, the Court held that after the appraisal process

Plaintiff will have the opportunity to cross-examine Odeh and the Court will then determine his competency and impartiality. (Rec. Doc. 35, p. 4).

From this distaste of Odeh stems also Defendants' allegation that Americas misrepresented pertinent facts. According to Louisiana jurisprudence, "A 'misrepresentation' occurs when an 'an insurer either makes untrue statements to an insured concerning pertinent facts [of a policy] or fails to divulge pertinent facts to the insured.'" *Versai Management Corp. v. Clarendon America Ins*., 597 F.3d 729, 740 (5th Cir.2010) (quoting *McGee v. Omni Ins. Co.,* 840 So.2d 1248, 1256 (La.Ct.App. 3rd Cir.2003)). Section 22:1973(B)(1) equates a misrepresentation of the policy's terms with a breach of the insurer's duty of good faith and fair dealing. *Id.* The Court finds that a reasonable jury could find that Americas acted in a good faith belief that Odeh was not disinterested as defined by the policy.

Lastly, as it relates to Defendants' assertions regarding a misrepresentation of the suitable accommodations to which they were entitled, Defendants didn't provide any evidence supporting this allegation other than an e-mail from Defendants' counsel stating the hotel room was below Defendants' standard of living. (Rec. Doc. 54-8, p. 2). The Court finds a genuine issue of material fact may exist as to whether Americas' actions amount to bad faith.

Defendants have made clear from their briefs that they feel personally attacked by Americas and its counsel using terms such as "starving out," "harassing," and "malicious." The Court notes that though it may be unfortunate that Defendants' out of pocket expenses are growing as the appraisal process continues, this Court cannot grant summary judgment if a reasonable jury would conclude in favor of the non-moving party. In conclusion, Defendants' Motion for Partial Summary Judgment is denied.

**B. Partial Summary Judgment for Policy Provided Additional Living Expenses**

Americas cites the policy to assert that the limitation of liability applicable to ALE precludes Defendants from collecting further payments under the policy. (Rec. Doc. 59, p. 6). The policy

provides for a $63,400.00 limited liability for ALE. Americas argues that Defendants are attempting to reform the policy's terms in their request for extended ALE payments. (*Id.*). Americas acknowledges that Louisiana law permits policy reformation; however, it is only in instances of clear and convincing evidence of a mistake in the written contract which is not applicable in this case. (*Id.*).

Defendants respond that there is a genuine issue of material fact as to whether Americas' behavior renders the limitation of liability provision null and unenforceable under Louisiana law and public policy. Alternatively, Defendants request that the Court defer a ruling on this motion until discovery is completed. (Rec. Doc. 62, p. 23). First, Defendants argue that Americas either acted intentionally or with gross negligence such that the limitation of liability is null pursuant to Louisiana Civil Code Article 2004. (Rec. Doc. 62, p. 13). Defendants state that Americas' behavior invokes Article 2004 because it intentionally instructed its appraiser not to participate in the appraisal process for six months. (*Id* at 14). Defendants further argue that Americas also acted intentionally or grossly negligent in seeking to disqualify Odeh. (*Id.*).

Second, Defendants argue that the limitation of liability is null because Americas acted as a bad faith obligor in violation of Louisiana Civil Code Article 1997. Defendants contend that Americas acted in bad faith by refusing to participate in appraisal for more than six months. (Rec. Doc. 62, p. 15). In Defendants' opinion, Americas knew Odeh was qualified yet chose to file a knowingly meritless action as a bad faith obligor to seek disqualification. (*Id.* at 16).

Third, Defendants reassert their bad faith claims regarding La.Rev.Stat. 22:1973 and 22:1982 to assert that the limitation of liability doesn't apply. (Rec. Doc. 62, p. 17). Defendants argue that because genuine issues of material fact exist as to whether Americas acted in bad faith, Americas may not limit its liability in accordance with the policy. (*Id.* at 19-20).

Fourth, Defendants cite Louisiana jurisprudence to establish that Americas breached the covenant of good faith and fair dealing contained in the insurance policy. Defendants, again, cite to

Americas' failure to engage in the appraisal process for more than six months as a justification. (Rec. Doc. 62, p. 21). Defendants allege that Americas never had the intention to handle this claim fairly. Defendants state that Americas sought to "punish" the Defendants by pursuing the appraisal process and disqualify Odeh. (*Id.* at 21).

Lastly, Defendants assert that the clause providing ALE is ambiguous and must be construed in favor of the insureds. Defendants argue that when read in conjunction with the entire policy, the ALE payments apply when a covered loss makes the residence uninhabitable; it does not apply here because a timely resolution of the claim is prevented by Americas' intentional conduct. (Rec. Doc. 62, p. 22). Defendants classify Americas' conduct as "malicious" and state that the policy is ambiguous because it does not specify whether or not the liability limitation still applies. (*Id.*).

The policy provides that Defendants' premium covers $63,400 for Coverage D- Loss of Use. (Rec. Doc. 59-3, p. 7). Coverage D- Loss of Use includes the total limit for ALE. (*Id*. at 18). The policy also states that the insurer "will not be liable in any one loss…for more than the applicable limit of liability." (*Id.* at 26). Louisiana Civil Code Article 2046 provides, "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."

The Court applies Article 2046 to conclude that the limitation of liability is expressly stated in the policy. Defendants are not entitled to an excess of $63,400 for ALE, and Americas has tendered that amount in full. Whether or not Defendants are entitled to penalties in accordance with the bad faith of Americas is addressed above; statutory penalties were not the subject of Americas' motion. In conclusion, the Court finds that no genuine issue as to any material fact exists as to the limitation of liability under Coverage D- Loss of Use.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendants' **Motion for Partial Summary Judgment (Rec. Doc. 54)**

is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 59)** is **GRANTED**.

February 25, 2019

---
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE